**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| UNITED STATES OF AMERICA | **HONORABLE KAREN M. WILLIAMS** |
| v. | No. 1:19-cr-308-KMW |
| CHRISTOPHER ROJUAN GILES | **OPINION** |

**WILLIAMS, District Judge.**

**THIS MATTER** comes before the Court upon pro se Defendant Christopher Rojuan Giles' ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. No. 20.) Defendant seeks a reduction of his sentence to time served based on his rehabilitation, an asserted sentencing disparity, and other post-sentencing developments. (*Id.* at 1–5.) The Government opposes the motion. (Gov't Opp., Dkt. No. 24.)

For the reasons set forth below, Defendant's motion will be **DENIED**.

## I. BACKGROUND

On April 25, 2019, Defendant pleaded guilty to a one-count Information charging possession of contraband in prison, in violation of 18 U.S.C. § 1791(a)(2) and (b)(1). (Plea Agreement, Dkt. No. 15.) At the time, Defendant was already serving a lengthy federal sentence imposed in the Western District of Virginia. That sentence arose from convictions for conspiracy to distribute heroin, cocaine base, and cocaine hydrochloride, and distribution of heroin resulting in the deaths of three individuals and serious bodily injury to three others. (Gov't Opp. at 1–2 (citing Presentence Investigation Report ("PSR") ¶ 32).)

The offense in this case occurred while Defendant was incarcerated on that federal sentence. According to the PSR, correctional officers conducting a pat search on December 26,

2018 observed contraband on Defendant's person. Defendant then attempted unsuccessfully to flush the contraband down a toilet. The package contained 206 individual strips of Suboxone, a Schedule III controlled substance, weighing 15.1 grams. Defendant admitted that he was purchasing and selling Suboxone to other inmates for approximately $10 to $15 per strip. (*Id.* at 6 (citing PSR ¶¶ 9–11).)

On September 11, 2019, the Honorable Joseph H. Rodriguez, U.S.D.J., sentenced Defendant to 27 months' imprisonment and three years of supervised release, with the custodial term to run consecutively to any previously imposed state or federal sentence. (*Id.* at 2 (citing Judgment, Dkt. No. 17).) The 27-month sentence was at the bottom of the advisory Guidelines range of 27 to 33 months. (*Id.* at 5 (citing PSR ¶ 64).) Defendant remains incarcerated at FCI Fort Dix. (*Id.* at 2.)

Defendant filed the present motion on July 17, 2026. (Dkt. No. 20.) He represents that he has spent more than a decade in continuous federal custody and has made substantial rehabilitative progress. He states that he earned his GED, completed a residential electrical apprenticeship program, maintained institutional employment, remained free of disciplinary infractions for an extended period, and complied with institutional rules. (*Id.* at 1–2.) Defendant also maintains that he has addressed substance-related factors contributing to his criminal conduct, developed marketable vocational skills, and demonstrated sustained behavioral reform. (*Id.* at 3.)

Defendant further contends that his approximately 300-month sentence from the Western District of Virginia is markedly longer than sentences received by similarly situated co-defendants in that prosecution, at least one of whom allegedly received clemency or a significant sentence reduction. (*Id.* at 2–3.) He argues that his rehabilitation, the asserted disparity, and his changed circumstances collectively constitute extraordinary and compelling reasons for relief. He also

contends that the § 3553(a) factors now favor release because his time in custody and post-sentencing conduct have satisfied the purposes of punishment and deterrence and demonstrate that he no longer poses a danger to the community. (*Id.* at 3–5.) His proposed release plan includes residing at an approved residence, seeking work in the electrical trade, complying with supervised release, and continuing substance-free living. (*Id.* at 5.)

The Government concedes that Defendant satisfied § 3582(c)(1)(A)'s administrative exhaustion requirement. (Gov't Opp. at 2.) It argues, however, that Defendant has not established an extraordinary and compelling reason for a reduction and that the § 3553(a) factors independently require denial. (*Id.* at 3–7.) The Government emphasizes that rehabilitation alone cannot establish eligibility for compassionate release; that the asserted co-defendant disparity concerns a different criminal prosecution and was recently rejected by the sentencing court in that case; and that Defendant's 27-month sentence in this case was at the bottom of his advisory Guidelines range. (*Id.* at 4–5.) It further relies on the seriousness of Defendant's conduct, his extensive criminal history, and the fact that he committed this offense while already serving a substantial federal sentence. (*Id.* at 5–7.)

## II. LEGAL STANDARD

Section 3582(c)(1)(A) permits a defendant to seek compassionate release after fully exhausting administrative rights to appeal the Bureau of Prisons' failure to bring a motion on his behalf or after 30 days have elapsed from the warden's receipt of his request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Because the Government agrees that Defendant has exhausted his administrative remedies, the Court proceeds to the merits. (Gov't Opp. at 2.)

A court may reduce a term of imprisonment under § 3582(c)(1)(A)(i) only if "extraordinary and compelling reasons" warrant a reduction, the reduction is consistent with applicable

Sentencing Commission policy statements, and the applicable factors under 18 U.S.C. § 3553(a) support relief. 18 U.S.C. § 3582(c)(1)(A); *United States v. Rutherford*, 120 F.4th 360, 366–67 (3d Cir. 2024). Whether a defendant has established an extraordinary and compelling reason is a threshold eligibility question. *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023). Even where that threshold is satisfied, compassionate release remains discretionary, and a court may deny relief based on the § 3553(a) factors. *United States v. Pawlowski*, 967 F.3d 327, 329–31 (3d Cir. 2020).

The applicable policy statement, U.S.S.G. § 1B1.13, identifies circumstances that may constitute extraordinary and compelling reasons and requires that any reduction be consistent with the policy statement. *See* U.S.S.G. § 1B1.13(a)–(b). Congress has expressly provided that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see* U.S.S.G. § 1B1.13(d); *Stewart*, 86 F.4th at 536. Rehabilitation may, however, be considered in combination with other circumstances. U.S.S.G. § 1B1.13(d). The policy statement also contains an "other reasons" provision for circumstances "similar in gravity" to the specifically enumerated grounds. *Id.* § 1B1.13(b)(5).

The § 3553(a) factors include the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public; the available sentences and advisory Guidelines range; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). The amount of time served and the time remaining on a sentence may be relevant to whether a reduction would satisfy those purposes. *Pawlowski*, 967 F.3d at 330–31.

## III. DISCUSSION

The Court first considers the § 3553(a) factors, which independently warrant denial even assuming Defendant could establish an extraordinary and compelling reason. The Court then addresses Defendant's asserted rehabilitation, sentencing disparity, and changed circumstances. The Court recognizes Defendant's rehabilitative efforts. But those efforts, individually or together with the other circumstances he identifies, do not warrant the reduction he seeks.

### a. <u>The Section 3553(a) Factors</u>

The nature and circumstances of the offense weigh strongly against a reduction. Defendant committed the present offense while already incarcerated on a substantial federal sentence. He possessed 206 strips of Suboxone, attempted to dispose of them when correctional officers discovered the contraband, and admitted that he was buying and selling the strips to other inmates. (Gov't Opp. at 6 (citing PSR ¶¶ 9–11).) This was not passive possession of a small quantity for personal use. It involved the distribution of a controlled substance within a correctional institution and an effort to conceal the conduct from prison officials. A custodial sentence remains necessary to reflect the seriousness of that conduct, promote respect for the law, provide just punishment, and afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(B).

The context in which Defendant committed the offense is particularly significant. His underlying federal sentence arose from drug-distribution conduct that resulted in three deaths and serious bodily injury to three additional victims. (Gov't Opp. at 1–2 (citing PSR ¶ 32).) Yet incarceration for that conduct did not deter Defendant from again engaging in the distribution of a controlled substance—this time inside a federal correctional institution. That sequence bears directly on Defendant's history and characteristics, the need for specific deterrence, and protection of the public. *See* 18 U.S.C. § 3553(a)(1), (2)(B)–(C).

Defendant's broader criminal history reinforces those concerns. The Government reports six adult convictions involving controlled substances or violence, including possession with intent to distribute controlled substances, conspiracy to commit robbery with a dangerous weapon, assault, and the federal drug-distribution conviction described above. (Gov't Opp. at 6 (citing PSR ¶¶ 28–32).) At sentencing, Defendant had 13 criminal-history points and was in Criminal History Category VI. (*Id.* at 6 (citing PSR ¶¶ 33–34).) The Court does not treat prior convictions as permanently defining Defendant or disregard evidence of later improvement. The relevant concern is that earlier periods of incarceration, supervision, and ultimately a lengthy federal sentence did not prevent further criminal conduct. That history continues to weigh against concluding that the purposes of sentencing have been fully satisfied.

The Court has also considered Defendant's rehabilitation. For purposes of this motion, the Court credits his representations that he earned his GED, completed an electrical apprenticeship program, maintained institutional employment, and has remained disciplinary-free for an extended period. (Dkt. No. 20 at 2.) These are constructive achievements and weigh in Defendant's favor. His vocational preparation and sustained institutional compliance are relevant evidence of his history and characteristics and prospects for eventual reintegration. They do not, however, outweigh the seriousness of the offense and the deterrence concerns presented by Defendant's commission of another drug-distribution offense while already incarcerated for serious drug crimes.

Defendant's asserted sentencing disparity does not alter that balance. The 27-month sentence imposed by Judge Rodriguez was at the bottom of the advisory Guidelines range of 27 to 33 months. (Gov't Opp. at 5 (citing PSR ¶ 64).) Defendant identifies no disparity between his sentence in this case and sentences imposed on defendants with similar records who were

convicted of similar prison-contraband conduct. Instead, his argument concerns co-defendants in his separate Western District of Virginia drug prosecution. (Dkt. No. 20 at 2–3; Gov't Opp. at 4.) Section 3553(a)(6) is principally concerned with national sentencing uniformity among similarly situated defendants, not equalizing sentences among co-defendants. *United States v. Parker*, 462 F.3d 273, 277–78 (3d Cir. 2006). Although a court may consider co-defendant disparities where appropriate, *id.*, Defendant has not shown that the sentences imposed on other participants in a different prosecution render this Court's bottom-of-the-Guidelines sentence unwarranted.

There is a further limitation on Defendant's request. This Court is considering whether to reduce the 27-month sentence it imposed in this case. That sentence was ordered to run consecutively to Defendant's previously imposed state and federal sentences. (Gov't Opp. at 2.) The approximately 300-month sentence that forms the premise of Defendant's disparity argument was imposed by another district court in another case. Indeed, the Government represents that Defendant presented substantially the same disparity argument to the Western District of Virginia in a separate compassionate-release motion, which that court denied in June 2026. (*Id.* at 4.) Whatever relevance that history may have to Defendant's overall circumstances, it does not establish that the sentence imposed for the offense before this Court is greater than necessary.

After weighing Defendant's rehabilitative progress and proposed reintegration plan against the nature of the offense, his criminal history, the circumstances in which this offense was committed, and the continuing needs for punishment, deterrence, and protection of the public, the Court concludes that the § 3553(a) factors independently require denial. *See Pawlowski*, 967 F.3d at 330–31. The Court therefore would deny Defendant's motion even if he could establish extraordinary and compelling reasons for a reduction.

**b. <u>Extraordinary and Compelling Reasons</u>**

*i. Rehabilitation*

Defendant principally relies on his post-sentencing rehabilitation. He points to his GED, vocational training, institutional employment, disciplinary record, and sustained compliance with institutional rules. (Dkt. No. 20 at 1–2.) The Court credits these efforts and does not dismiss them merely because good institutional conduct is expected. They reflect meaningful progress.

But Congress has expressly directed that rehabilitation "alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t). The Sentencing Commission's policy statement contains the same limitation, U.S.S.G. § 1B1.13(d), and the Third Circuit has repeatedly recognized it. *Stewart*, 86 F.4th at 536. Defendant acknowledges this limitation and asks the Court to consider rehabilitation together with his other asserted circumstances. (Dkt. No. 20 at 2.) The Court does so below.

*ii. Sentencing Disparity*

Defendant next contends that the length of his incarceration is disparate from the sentences received by co-defendants in his Western District of Virginia prosecution. (Dkt. No. 20 at 2–3.) But Defendant does not identify an intervening change in law affecting the 27-month sentence imposed in this case, nor does he identify any other circumstance recognized by § 1B1.13 that transforms the asserted disparity into an extraordinary and compelling reason to reduce this sentence. To the extent Defendant relies simply on the length of a lawfully imposed sentence or a disparity with sentences imposed on other defendants, Third Circuit precedent does not treat that fact, without more, as an extraordinary and compelling circumstance. *See United States v. Andrews*, 12 F.4th 255, 260–62 (3d Cir. 2021); *Stewart*, 86 F.4th at 535.

The Court is mindful that the Sentencing Commission amended § 1B1.13 in 2023 to address, among other things, certain "unusually long" sentences following changes in law. U.S.S.G. § 1B1.13(b)(6). That provision does not assist Defendant here. His motion does not identify a change in law that would produce a gross disparity between the 27-month sentence imposed in this case and the sentence likely to be imposed for this offense today. *See id.* And the Third Circuit has held that § 1B1.13(b)(6) does not override *Andrews* where doing so would conflict with Congress's express decision to make a statutory sentencing change nonretroactive. *Rutherford*, 120 F.4th at 375–78. Defendant's motion presents no such intervening legal change in any event.

*iii. Changed Circumstances and Combined Considerations*

Defendant's remaining "changed circumstances" substantially overlap with his rehabilitation. He states that he has addressed substance-related factors that contributed to his criminal conduct, maintained long-term institutional stability, developed vocational skills, and demonstrated behavioral reform. (Dkt. No. 20 at 3.) Those developments are favorable and relevant to the Court's assessment of Defendant as he stands today. But they remain rehabilitative developments rather than an independent circumstance of the type identified in § 1B1.13(b).

The Court also considers Defendant's circumstances cumulatively under § 1B1.13(b)(5). That provision permits consideration of another circumstance or combination of circumstances "similar in gravity" to the specifically enumerated extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b)(5). Here, Defendant combines sustained rehabilitation, vocational preparation, institutional compliance, an asserted disparity arising from another prosecution, and his belief that his lengthy incarceration has already achieved the purposes of sentencing. Considered together, those circumstances demonstrate progress and support Defendant's eventual reintegration. They

do not, however, present circumstances comparable in gravity to the extraordinary situations contemplated by § 1B1.13(b). Therefore, the Court finds that Defendant has not established an extraordinary and compelling reason for the requested reduction. Even if he had, the Court would deny relief for the independent reasons identified in its § 3553(a) analysis.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Dkt. No. 20) is **DENIED**. An Order consistent with this Opinion will be entered.

Dated: October 28, 2026

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE